People v Brye (2020 NY Slip Op 51116(U))

[*1]

People v Brye (Rodney)

2020 NY Slip Op 51116(U) [69 Misc 3d 126(A)]

Decided on September 11, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 11, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2017-2170 Q CR

The People of the State of New York,
Respondent, 
against
Rodney Brye, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Nancy F. Talcott of
counsel), for respondent.

Appeal from a judgment of conviction of the Criminal Court of the City of New York,
Queens County (Jerry M. Iannece, J.), rendered October 4, 2017. The judgment convicted
defendant, upon his plea of guilty, of driving while intoxicated per se, and imposed sentence. The
appeal brings up for review a determination of that court that a civil judgment should be entered
as to the surcharge.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an information with, among other things, driving while intoxicated
per se (Vehicle and Traffic Law § 1192 [2]). Defendant subsequently pleaded guilty to
driving while intoxicated per se, in satisfaction of the accusatory instrument, and was sentenced
to six months' imprisonment.
Defendant's sole contention on appeal, citing People v Jones (26 NY3d 730, 733 [2016]), is that the Criminal
Court erred in deferring payment of the mandatory surcharge and fees without placing its reasons
on the record or issuing a written order therefor. This claim is unpreserved for appellate review
(see People v Saldana, 67 Misc 3d
131[A], 2020 NY Slip Op 50454[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2020]), and we decline to reach it in the interest of justice. We note that the record establishes
that upon being asked by the court whether a "[c]ivil judgment [should be] entered as to the
surcharge," defense counsel replied, "[y]es" (see People v Rodriguez,162 AD3d 513
[2018]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 11, 2020